IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KAREN JIMERSON; JJ; JJ; XP; and JP, Plaintiffs, | § § § |
| v. | §  Civil Action No. 3:20-CV-2826-L-BH § |
| MIKE LEWIS and JOHN DOES 1-20, Defendants. | § § §  Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By orders of reference, filed December 23, 2020 (doc. 32), January 14, 2021 (doc. 84), and March 17, 2021 (docs. 155), before the Court are the following motions:

1. *Defendant Mike Lewis' Motion to Dismiss Plaintiffs' State Tort Claims*, filed December 23, 2020 (doc. 31);

2. *Defendant Derek Behringer's Motion to Dismiss Plaintiffs' State Tort Claims*, filed January 12, 2021 (doc. 74);

3. *Defendant Brent Dunn's Motion to Dismiss Plaintiffs' State Tort Claims*, filed January 12, 2021 (doc. 75);

4. *Defendant Brian Fuller's Motion to Dismiss Plaintiffs' State Tort Claims*, filed January 12, 2021 (doc. 76);

5. *Defendant O.T. Glidewell's Motion to Dismiss Plaintiffs' State Tort Claims*, filed January 12, 2021 (doc. 77);

6. *Defendant Andrew Gonzales' Motion to Dismiss Plaintiffs' State Tort Claims*, filed January 12, 2021 (doc. 78);

7. *Defendant Dustin Koch's Motion to Dismiss Plaintiffs' State Tort Claims*, filed January 12, 2021 (doc. 79);

8. *Defendant James Lewis' Motion to Dismiss Plaintiffs' State Tort Claims*, filed January 12, 2021 (doc. 80);

9. *Defendant Stephen Sanders' Motion to Dismiss Plaintiffs' State Tort Claims*, filed January 12, 2021 (doc. 81);

10. *Defendant James Taylor's Motion to Dismiss Plaintiffs' State Tort Claims*, filed January

12, 2021 (doc. 82);

11. *Defendant Derrick Young's Motion to Dismiss Plaintiffs' State Tort Claims*, filed January 12, 2021 (doc. 83); and

12. *Defendant Mike Lewis' Opposed Motion to Strike Document No. 98 –"Response of Counsel for Plaintiffs in Reply to 'Defendant Mike Lewis' Reply in Further Support of Defendant's Motion to Dismiss Plaintiffs' State Tort Claims*," filed January 25, 2021 (doc. 99).

Based on the relevant filings and applicable law, the defendants' motions to dismiss should be **GRANTED**. Defendant Mike Lewis' motion to strike is **GRANTED**.

## I. BACKGROUND

On the night of March 27, 2019, the Waxahachie Police Department's (WPD) S.W.A.T team mistakenly entered the plaintiffs' home while attempting to serve a "no knock" search warrant on behalf of the Drug Enforcement Administration (DEA). (*See* doc. 16 at 10-12, 37, 44.)[1] Before making entry, the heavily-armed officers "hurled incendiary explosive devices through the glass of the closed window" that then "exploded inside the home[,] making great noise and emitting smells and smoke[,]" and broke down the front door using "a battering ram type device[.]" (*Id*. at 28-29.) The officers allegedly did not identify themselves as police or law enforcement officers. (*Id*. at 29.) The plaintiffs were ordered "to lay face down" on the floor "for a considerable amount of time" before the officers realized that they "had made a big and illegal mistake[.]" (*See id*. 31-34, 36.)

On September 11, 2020, Karen Jimerson, individually and as next friend of her three minor children (Jasamea Jimerson, Jyden Jimerson, and Xavien Parks), and James Parks (collectively Plaintiffs) sued Lieutenant Mike Lewis and twenty John Doe defendants in their individual capacities under 42 U.S.C. § 1983, alleging violation of their First, Fourth, and Fourteenth

---

1 Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Amendment rights, as well as state law claims for assault, negligence per se, gross negligence, criminal trespass, criminal assault, aggravated assault, and official oppression. (*See* doc. 1 at 2, 35.) After obtaining leave, they filed their first amended complaint on December 15, 2020, in which reasserted their federal and state law claims, and named eleven of the twenty John Does as Brent Dunn, Dustin Koch, Andrew Gonzales, Brian Fuller, Stephen Sanders, James Lewis, O.T. Glidewell, James Taylor, Derek Berringer, Derrick Young (collectively Defendants), and Zach Beauchamp[2]. (docs. 14, 15, 16 at 2, 41-42.) Plaintiffs seek compensatory and punitive damages, attorney's fees, and costs. (*See* doc. 16 at 45-48.)

Defendants now move to dismiss Plaintiffs' state law claims against them under Texas Civil Practice & Remedies Code § 101.106(f). (docs. 31, 74-82.) Plaintiffs responded, and Defendants replied. (docs. 124-132, 139.) Without seeking leave, Plaintiffs subsequently filed a sur-reply to Mike Lewis's reply, and he moves to strike it. (*See* doc. 98-99.)

## II. MOTION TO DISMISS

Defendants move to dismiss Plaintiffs' state law tort claims under § 101.106(f) of the Texas Tort Claims Act (TTCA). (*See* docs. 31, 74-82.)

### A. **Legal Standard**[3]

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges

---

2 Zach Beauchamp was voluntarily dismissed with prejudice by joint agreed stipulation on March 11, 2021. (doc. 153.)

3 Although Defendants do not cite the specific basis for their motion, courts have found that statutory immunity is a challenge to subject matter jurisdiction, which arises under Rule 12(b)(1). *See Alvarado v. Texas Health & Hum. Servs. Comm'n*, No. 5:19-CV-0106-JKP, 2019 WL 6876499, at *3 (W.D. Tex. Dec. 17, 2019) (Section "101.106(f) challenges the trial court's subject-matter jurisdiction."); *see also Curley v. Gonzalez*, No. 3:15-CV-1341-L, 2017 WL 4351073, at *6 (N.D. Tex. Sept. 30, 2017) (finding that because dismissal under § 101.106(f) involves immunity, it appears to be a jurisdictional matter).

a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* Accordingly, considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the

4

allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.*

Here, Defendants rely solely on Plaintiffs' complaint in support of its motion to dismiss. The motion therefore presents a facial attack that does not require the resolution of factual matters outside the pleadings. *See Williamson*, 645 F.2d at 412-13.

**B.    TTCA**

Under the election-of-remedies provisions of the TTCA, a plaintiff who sues under the TTCA must elect between suing a governmental unit and suing an employee of that unit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106; *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 462 (5th Cir. 2010). The TTCA covers all state tort claims, whether intentional or negligent, and whether brought under common law or the TTCA. *Bustos*, 599 F.3d at 463–64. Section 101.106(f) limits an injured party's right to sue a governmental employee in an individual capacity for a tortious act by providing statutory immunity as an affirmative defense. *See Gomez v. Massey*, No. 3:18-CV-00348, 2019 WL 4034319, at *2 (S.D. Tex. Aug. 27, 2019); *see also Wilkerson v. Univ. of N. Texas By & Through Bd. of Regents*, 878 F.3d 147, 158–59 (5th Cir. 2017)("Section 101.106(f) of the [TTCA] affords state employees governmental immunity."). It specifically provides:

> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee *shall be dismissed* unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id.* at § 101.106(f) (emphasis added). The Fifth Circuit has held that, when it applies, § 101.106(f)

5

"mandates[ ] plaintiffs to pursue lawsuits against governmental units rather than their employees," and "entitles the employee 'to dismissal' of the relevant tort claim[.]" *Wilkerson*, 878 F.3d at 159 (citations omitted).

The intent of § 101.106(f) is to "force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *E.G. by Gonzalez v. Bond*, No. 1:16-CV-0068-BL, 2016 WL 11258226, at *5 (N.D. Tex. Aug. 31, 2016), *report and recommendation adopted sub nom. E.G. v. Bond*, No. 1:16-CV-068-C, 2017 WL 129019 (N.D. Tex. Jan. 13, 2017) (citing *Tex. Adjutant Gen. Office v. Ngakoue*, 408 S.W.3d 350, 354-55 (Tex. 2013)). On the employee's motion, section 101.106(f) requires dismissal of the suit against the employee unless the plaintiff "files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." *Graham v. Dallas Area Rapid Transit*, 288 F. Supp. 3d 711, 747 (N.D. Tex. 2017) (citing *Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014)).

1. ***General Scope of Employment***

Here, Plaintiffs sue Defendants in their individual capacities but repeatedly allege that Defendants were employees of the WPD acting "under color of law" when they mistakenly entered the wrong address while attempting to execute a "no knock" search warrant on behalf of the DEA. (doc. 16. at 10, 18, 29, 44.) They also allege that "on the occasion in question," Defendants were "agents and/or servants and/or employees of one or more state and/or county and/or local law enforcement agencies in North Texas[.]" (doc. 16 at 3, 5, 10, 18-20, 22-24, 46.) Defendants' attempted execution of a search warrant was within the general scope of their employment as law

enforcement officers of the WPD. *See Shipman v. Sowell*, No. 4:16-CV-00692, 2018 WL 918904, at *3 (S.D. Tex. Feb. 14, 2018), *aff'd*, 766 F. App'x 20 (5th Cir. 2019) (finding it "clear from the pleadings that [the defendants] were acting within the scope of their employment as law enforcement officers" when executing a search warrant). Because Plaintiffs' contend that Defendants were acting under color of law, as well as agents of their employer, and the execution of a search warrant is within the scope of their employment as law enforcement officers, the first prong is satisfied. *See Hundall v. Univ. of Texas at El Paso*, No. EP-13-CV-00365-DCG, 2014 WL 12496895, at *12 (W.D. Tex. Feb. 21, 2014) (finding that the first prong of § 101.106(f) was satisfied because the plaintiff consistently and repeatedly asserted throughout his complaint that the individual defendants were acting as agents of their government employer.)

In their response, Plaintiffs argue that Defendants' warrantless entry into their home was not within the scope of employment because their actions were "based upon intentional, and overt, criminal misconduct[.]" (*See* doc. 124 at 7.) They generally allege that Defendants' actions were "intentional and/or reckless [ ] and [] of such a nature that no reasonable peace officer would have engaged in, or committed, the misconduct[,]" and that Defendants cannot show their actions "could somehow be 'lawfully assigned' to commit this sort of misconduct." (*Id.*) Plaintiffs fail to allege facts to sufficient to support an inference that Defendants' alleged actions were taken independently, without any intent to serve any purpose of their employer, however. *Griffin v. City of Sugar Land, Texas*, No. CV H-18-3121, 2019 WL 175098, at *12 (S.D. Tex. Jan. 11, 2019), *aff'd sub nom. Griffin v. City of Sugarland, Texas*, 787 F. App'x 244 (5th Cir. 2019) (citing *Alexander*, 435 S.W.3d at 792.) (An act is not within the general scope of employment if it was "within an independent course of conduct not intended by the employee to serve any purpose of the

7

employer."). Moreover, "[e]ven intentional torts can be within the scope of employment." *Sims v. McDilda*, No. SA-20-CV-00722-XR, 2021 WL 84355, at *3 (W.D. Tex. Jan. 11, 2021); *Bustillos v. El Paso Cty. Hosp. Dist.*, 891 F.3d 214, 223 (5th Cir. 2018). Because the facts as alleged show a connection between their job duties and the alleged misconduct, Defendants acted within their scope of employment. *Wilkerson*, 878 F.3d at 160 (An employee's alleged tortious actions may be within their scope of employment "even if the employee performs negligently or is motivated by ulterior motives or personal animus.") (collecting cases).

### 2. Government Entity

Even when the alleged misconduct by an employee falls "within the general scope of his employment, dismissal under . . . § 101.106(f) is warranted only when [Plaintiffs] could have brought [their] claims [against] the governmental entity." *E.G. by Gonzalez*, 2016 WL 11258226, at *6 (citing *Franka v. Velasquez*, 332 S.W.3d 367, 375 (Tex. 2011)). "The Texas courts of appeals have repeatedly and expressly held that claims for intentional torts 'could have been brought . . . against the governmental unit' for the purposes of § 101.106(f), even though the TTCA does not waive immunity for such claims." *Davidson v. AT&T Mobility, LLC*, No. 3:17-CV-0006-D, 2019 WL 486170, at *10 (N.D. Tex. Feb. 7, 2019). According to guidance from the Texas Supreme Court, because the TTCA is the "only, albeit limited avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the TTCA]' for purposes of section 101.106." *See Franka*, 332 S.W.3d at 378 (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658-59 (Tex. 2008)); *see also Wilkerson*, 878 F.3d at 161 ("All common-law tort theories alleged against a governmental unit are assumed to be 'under the Tort Claims Act' for

8

purposes of section 101.106."). Therefore, unless the suit is brought against a governmental employee under a statute that independently waives immunity, the second prong "for § 101.106(f)'s applicability is virtually always satisfied." *Gomez*, 2019 WL 4034319, at *4 (citing *Franka*, 332 S.W.3d at 378-379.) Here, although Plaintiffs allege state law claims for intentional torts, because their claims are based on the conduct within the general scope of Defendants' employment, they "could have been brought" against Defendants' employer. *See id.*

Moreover, because Defendants were acting within their scope of employment, and Plaintiffs' claims could have been brought against their employer, Defendants are considered to have been sued in their official capacities only, despite Plaintiffs' allegations that their state law claims are against Defendants in their individual capacities. *See Graham*, 288 F. Supp. 3d at 747 (finding that despite the plaintiff's allegation in this complaint that the defendants were sued in their individual capacities, the defendants are considered to have been sued in their official capacity under § 101.106(f) because both prongs were satisfied). When both prongs of § 101.106(f) are satisfied, it effectively mandates that only a governmental unit can be sued for a governmental employee's work-related tortious conduct because an official capacity suit against a public employee is merely another way of pleading an action against the governmental employer. *See Sims*, 2021 WL 84355, at *2 (citing *Garza v. Harrison*, 574 S.W.3d 399-401 (Tex. 2019), *reh'g denied* (Oct. 4, 2019)). Therefore, § 101.106(f) requires that Defendants' motion to dismiss Plaintiffs' lawsuit against them be granted, but it allows Plaintiff's to substitute the governmental unit for the employee within 30 days of the date Defendants filed their motion to dismiss. *Id*. Plaintiffs have not amended their pleadings to dismiss Defendants and add their employer as a defendant, however.

Because Plaintiffs' claims are considered to be against Defendants in their official

9

capacities, and they have not amended their pleadings to dismiss Defendants and add their employer as a defendant, their claims should be dismissed without prejudice. *See Curley*, 2017 WL 4351073, at *6 (finding that § 101.106(f) applied to the plaintiff's tort claims and dismissing without prejudice because the plaintiff did not amend his complaint to substitute the defendants' government employer).

### III. RECOMMENDATION

Defendants' motions should be **GRANTED,** all of Plaintiffs' state tort claims against them should be **DISMISSED without prejudice**. The motion to strike Plaintiffs' sur-reply is **GRANTED**.[4]

**SO RECOMMENDED** this 1st day of April, 2021.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

4 The Local Civil Rules for the Northern District of Texas only provide for a motion, a response, and a reply; they do not allow a sur-reply as a matter of course. *See* L.R. 7.1. Because Plaintiffs did not seek leave to file a sur-reply, "it will not be considered." *Neely v. Khurana*, No. 3:07-CV-1344-D, 2009 WL 1605649, at *3 n.4 (N.D. Tex. June 5, 2009). Even if the sur-reply is considered, however, the recommended outcome remains the same.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE