IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KAREN JIMERSON; JJ; JJ; XP; and JP,  §<br>§<br>Plaintiffs,  §<br>§<br>v.  §<br>§<br>MIKE LEWIS; BRENT DUNN; §<br>DUSTIN KOCH; ANDREW §<br>GONZALES; DERRICK YOUNG; §<br>BRIAN FULLER; STEPHEN SANDERS; §<br>JAMES LEWIS; OT GLIDEWELL; §<br>JAMES TAYLOR; DEREK §<br>BERRINGER; ZACH BEAUCHAMP;[1] §<br>and JOHN DOES 1-9, §<br>§<br>Defendants.  § | Civil Action No. **3:20-CV-2826-L-BH** |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 157) was entered on April 1, 2021, recommending that the court: (1) grant each of the Motions to Dismiss (Docs. 31, 74-83) Plaintiff's state tort claims against the named Defendants, who were sued in their individual capacities; and (2) dismiss without prejudice all state tort claims asserted by Plaintiffs against the named Defendants under section 101.106(f) of the Texas Tort Claims Act ("TTCA"). No objections to the Report were filed, and the time for doing so has passed.

Having considered the pleadings, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court as herein **modified.** The named Defendants' Motions to Dismiss seek dismissal of Plaintiff's

---

[1] All claims against Zach Beauchamp were previously dismissed by agreement on March 9, 2021, and he was terminated as a party on the same date. As a result, the Motion to Dismiss filed by him (Doc. 134) was denied as moot.

**Order – Page 1**

state tort claims under section 101.106(f) of the TTCA.  As the magistrate judge correctly notes, Plaintiffs' tort claims cannot succeed because the TTCA compels dismissal of individual-capacity suits against a government employee if the suit is based on conduct within the general scope of that employee's employment, and the suit could have been brought against the governmental unit because such suits are considered to be against the employee in his or her official capacity only. Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f).  Section 101.016(f) further provides: "On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." *Id*.

Although Plaintiffs allege that they are suing the named Defendants in their individual capacities, it is apparent from the allegations in their pleadings that they are actually suing the named Defendants for acts taken within the scope of their employment.  Plaintiffs, however, did not amend their pleadings or seek to amend on or before the 30th day to dismiss the named Defendants and to add Defendants' employer or the appropriate "governmental unit" after the named Defendants moved to dismiss.  The court, therefore, **grants** the named Defendants' Motions to Dismiss (Docs. 31, 74-83); however, because Plaintiffs did not amend their pleadings in the time provided by § 101.106(f), the court **dismisses** Plaintiff's state tort claims against the named Defendants (Mike Lewis, Dunn, Koch, Gonzales, Young, Fuller, Sanders, James Lewis, Glidewell, Taylor, and Berringer) **with prejudice**, rather than without prejudice as recommended by the magistrate judge.[2]

---

[2] Normally, when dismissal is based on jurisdiction, the dismissal is without prejudice.  As Plaintiff did not file an amended complaint within the time mandated by the statute, the individually named Defendants are entitled to dismissal as a matter of law regarding Plaintiffs' state tort claims.  Accordingly, under these circumstances, the court determines that dismissal should be with prejudice rather than without prejudice.

**Order – Page 2**

As a result of this order, Plaintiffs' only remaining claims against the named Defendants are those for alleged constitutional violations brought pursuant to 42 U.S.C. § 1983. Plaintiffs' claims against John Does 1-9 also remain.

**It is so ordered** this 21st day of April, 2021.

Sam A. Lindsay
United States District Judge