IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAREN JIMERSON; JJ; JJ; XP; and JP, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:20-CV-2826-L-BH |
| MIKE LEWIS and JOHN DOES 1-20, | § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

By orders of reference, filed December 23, 2020 (doc. 32), January 14, 2021 (doc. 84), January 19, 2021 (doc. 90), and April 20, 2021 (doc. 159), before the Court are the following motions:

1. *Defendant Mike Lewis' Motion to Compel Rule 7(a) Reply and to Stay Discovery*, filed December 23, 2020 (doc. 30);

2. *Defendant Derek Behringer's Motion to Compel Rule 7(a) Reply and to Stay Discovery*, filed January 12, 2021 (doc. 64);

3. *Defendant Brent Dunn's Motion to Compel Rule 7(a) Reply and to Stay Discovery*, filed January 12, 2021 (doc. 65);

4. *Defendant Brian Fuller's Motion to Compel Rule 7(a) Reply and to Stay Discovery*, filed January 12, 2021 (doc. 66);

5. *Defendant O.T. Glidewell's Motion to Compel Rule 7(a) Reply and to Stay Discovery*, filed January 12, 2021 (doc. 67);

6. *Defendant Andrew Gonzales' Motion to Compel Rule 7(a) Reply and to Stay Discovery*, filed January 12, 2021 (doc. 68);

7. *Defendant Dustin Koch's Motion to Compel Rule 7(a) Reply and to Stay Discovery*, filed January 12, 2021 (doc. 69);

8. *Defendant James Lewis' Motion to Compel Rule 7(a) Reply and to Stay Discovery*, filed January 12, 2021 (doc. 70);

9. *Defendant Stephen Sanders' Motion to Compel Rule 7(a) Reply and to Stay Discovery*, filed January 12, 2021 (doc. 71);

10. *Defendant James Taylor's Motion to Compel Rule 7(a) Reply and to Stay Discovery*, filed January 12, 2021 (doc. 72);

11. *Defendant Derrick Young's Motion to Compel Rule 7(a) Reply and to Stay Discovery*, filed January 12, 2021 (doc. 73);

12. *Defendant Mike Lewis' Opposed Motion for Protective Order*, filed January 15, 2021 (doc. 87); and

13. *Defendants Derek Behringer, Brent Dunn, Brian Fuller, O.T. Glidewell, Andrew Gonzales, Dustin Koch, James Lewis, Stephen Sanders, James Taylor, and Derrick Young's Opposed Motion for Protective Order*, filed February 17, 2021 (doc. 143).

Based on the relevant filings and applicable law, the defendants' motions to compel Rule 7(a) reply and to stay discovery are **GRANTED**, and their motions for protective order are **DENIED** as **moot**.

## I.   BACKGROUND

Karen Jimerson, individually and as next friend of her three minor children (Jasamea Jimerson, Jyden Jimerson, and Xavien Parks), and James Parks (collectively Plaintiffs) sue Lieutenant Mike Lewis (Lieutenant), Brent Dunn, Dustin Koch, Andrew Gonzales, Brian Fuller, Stephen Sanders, James Lewis, O.T. Glidewell, James Taylor, Derek Behringer, Derrick Young (collectively Defendants), Zach Beauchamp[1], and nine John Doe defendants in their individual capacities under 42 U.S.C. § 1983, alleging violation of their First, Fourth, and Fourteenth Amendment rights, as well as state law claims for assault, negligence per se, gross negligence,

---

[1] Zach Beauchamp was voluntarily dismissed with prejudice by joint agreed stipulation on March 11, 2021. (doc. 153.)

criminal trespass, criminal assault, aggravated assault, and official oppression.[2] (*See* doc. 16 at 1-2, 41–42.)[3]

On the night of March 27, 2019, the Waxahachie Police Department's (WPD) S.W.A.T team mistakenly entered Plaintiffs' home while attempting to serve a "no knock" search warrant on behalf of the Drug Enforcement Administration (DEA). (*See* doc. 16 at 10–12, 37, 44.) Before making entry, the heavily-armed officers "hurled incendiary explosive devices through the glass of the closed window" that then "exploded inside the home[,] making great noise and emitting smells and smoke[,]" and broke down the front door using "a battering ram type device[.]" (*Id.* at 28–29.) Defendants allegedly did not identify themselves as police or law enforcement officers, but ordered Plaintiffs "to lay face down" on the floor "for a considerable amount of time" and "at least one Defendant pointed a rifle directly at" Karen Jimerson. (*Id*. at 29-34, 36.) Defendants then realized that they "had made a big and illegal mistake[,]" and at least one defendant "admitted, at the scene and on the occasion in question that [ ] Defendants should not have invaded and attacked" Plaintiffs' home. (*See id*. at 37.) Lieutenant "indicated [on the occasion in question] to at least one [p]laintiff that he was the person in charge of the assault upon [p]laintiffs and their home[.]" (*Id.* at 22.)

Defendants deny the "material allegations of Plaintiffs' complaint and affirmatively plead[ ] that [they] cannot be liable to Plaintiffs with respect to the Section 1983 claim since, *inter alia*, [they are] qualifiedly immune from suit and damages." (*See* docs. 29-30, 41-50, 64-73.) They move for an order under Rule 7(a) of the Federal Rules of Civil Procedure requiring Plaintiffs to

---

[2] Plaintiffs' initially named twenty John Doe defendants, but after obtaining leave they filed their first amended complaint on December 15, 2020, in which reasserted their federal and state law claims, and named eleven of the twenty John Does. (docs. 14, 15, 16 at 2, 41-42.)
[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

3

file a detailed reply to their assertions of the qualified immunity defense in their answers to the first amended complaint. (docs. 30, 64–73.) Defendants also move for a stay of discovery, as well as a protective order from discovery, pending determination of their Rule 7(a) motions. (*See* docs. 30, 64–73 87, 143.) Plaintiffs responded, and Defendants replied (docs. 63, 86, 106-116, 138, 140, 148-49.)

## II. MOTION FOR RULE 7(a) REPLY

Defendants move for an order requiring "Plaintiffs to file a Rule 7(a) reply to [their] Answer," and tailored to their qualified immunity defense. (*See* docs. 30 at 3-4; 64 at 3; 65 at 3; 66 at 3; 67 at 3; 68 at 3; 69 at 3; 70 at 3; 71 at 3; 72 at 3; 73 at 3.)

A government official sued for constitutional violations under § 1983 may plead the affirmative defense of qualified immunity. *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992). Government officials who perform a discretionary function are generally shielded from civil liabilities unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Qualified immunity is not merely a defense to liability but an immunity from suit. *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995). In evaluating a qualified immunity claim, courts apply a two-prong analysis to determine the following: (1) whether there is a violation of a constitutional right and (2) whether the right was "clearly established at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018). A right is clearly established when "the contours of the right are sufficiently clear that a reasonable official would understand what he is doing violates the right." *Linicomn*, 902 F.3d at 533.

The Supreme Court has held that plaintiffs are not required to anticipate a qualified immunity defense by providing greater specificity in their initial pleadings. *Crawford-El v. Britton*, 523 U.S. 574, 595 (1998). Nevertheless, a plaintiff may be required to "engage the affirmative defense of qualified immunity when invoked." *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc); *DeGroff v. Bost*, No. 6:20-CV-00067-ADA-JCM, 2020 WL 6528078, at *4 (W.D. Tex. Nov. 5, 2020); *Jackson v. Valdez*, No. 3:18-CV-2935-X-BH, 2020 WL 869792, at *2 (N.D. Tex. Feb. 20, 2020). "When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail" under Rule 7(a). *Schultea*, 47 F.3d at 1432–33; *see also* Fed. R. Civ. P. 7(a). "By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Schultea*, 47 F.3d at 1433. A court may order a reply where "an additional pleading by the plaintiff may be helpful to the defendant in laying the groundwork for a motion to test the sufficiency of the claim." *Id.* at 1432–33. To be sufficiently detailed, a Rule 7(a) reply must allege "with particularity all material facts on which [the plaintiffs] contend[] [they] will establish [their] right to recovery, which . . . include[s] detailed facts supporting the contention that the plea of immunity cannot be sustained." *Warnock v. Pecos Cty.*, 116 F.3d 776, 779 (5th Cir. 1997) (quoting *Elliott v. Perez*, 751 F.2d, 1472, 1482) (5th Cir. 1985)). "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1434. A case should not be allowed to proceed unless the plaintiff can assert specific facts that, if true, would overcome the defense. *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996); *Schultea*, 47 F.3d at 1434.

Here, Plaintiffs generally allege that Defendants mistakenly entered their home while attempting to serve a "no knock" search warrant on behalf of the DEA. (*See* doc. 16 at 10–12, 37,

44.) They claim that "at least one [d]efendant pointed a rifle directly at" Karen Jimerson, and at least one defendant "admitted, at the scene and on the occasion in question that [ ] Defendants should not have invaded and attacked" their home. (*Id.* at 30, 37.)  The sole reference to a specific defendant in their complaint is an allegation that the Lieutenant "indicated [on the occasion in question] to at least one [p]laintiff that he was the person in charge of the assault upon [p]laintiffs and their home[.]" (*Id.* at 22.)  The complaint otherwise lacks specificity and particularity as to the conduct of each of the individual defendants.

      The facts as alleged are vague, and no reasonable inferences can be made as to actions taken by each defendant to deprive Plaintiffs of their protected rights. A Rule 7(a) reply is useful in cases where accusations against government officials are supported by sparse details. 168 F.3d 158, 161 (5th Cir. 1999). *Lewis v. Moore*, No. 3:09 -CV-1720-K, 2011 WL 1119757, at *2 (N.D. Tex. Mar. 24, 2011). It is also warranted when a complaint "is deficient in specifying the degree of personal involvement of each of the defendants." *Todd v. Hawk*, 72 F.3d 443, 446 (5th Cir. 1995); *see also Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) (finding that the district court abused its discretion in failing to require a Rule 7 reply to the defense of qualified immunity). Because the complaint lacks specificity and particularity as to each defendant's individual conduct, a Rule 7(a) reply is warranted.

      Plaintiffs argue that Defendants incorrectly seek to impose a heightened pleading standard to their civil rights claim. (*See* doc. 63 at 5.) They rely on *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993), which held that a federal court may not apply a "'heightened pleading standard'—more stringent than the usual pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure—in civil rights cases alleging municipal liability" under § 1983. *Id.* at 164. In *Leatherman*, the plaintiffs sued several local officials in their official

capacity, the county, and two municipal corporations that employed the police officers involved in the forcible entry into their home based on the detection of odors associated with the manufacture of narcotics. *Id.* at 165. The district court dismissed the plaintiffs' complaint for failure to "meet the 'heightened pleading standard' required by the decisional law of the" court of appeals, and the dismissal was affirmed. *Id.* The Supreme Court found that it was "impossible to square the 'heightened pleading standard' applied by the" court of appeals with the liberal system of "notice pleading" set up by the Rule 8(a)(2), which requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief," and reversed. *Id.* at 168-69. The Supreme Court did not "consider whether [its] qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials[,]" however. *Id.* at 166–67.

Unlike this case, in which Defendants are sued only in their individual capacities, *Leatherman* involved claims against officers in their official capacities, the county, and two municipal corporations. Because a suit against officers in their official capacities is treated as a suit against a municipality, the heightened pleading standard did not apply. *See Brown v. Strain*, 663 F.3d 245, 251 (5th Cir. 2011). As the Fifth Circuit noted in *Schultea*, the *Leatherman* court did not "consider whether [its] qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials." *Schultea*, 47 F.3d at 1430. It also clarified in *Schultea* that the Rule 7(a) reply is not the heightened standard required under the Federal Rule of Civil Procedure 9(b), but rather a "practical working marriage of pleading and qualified immunity" under Rules 7 and 8(e)(1). *Schultea*, 47 F.3d at 1430, 1432–33.

Although the decision to order a Rule 7(a) reply tailored to an answer pleading the defense of qualified immunity is discretionary, "qualified immunity questions should be resolved at the

earliest possible stage of a litigation." *Cobb v. City of Harahan*, 516 F. App'x 337, 340 (5th Cir. 2013) (citing *Anderson v. Creighton,* 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *see also Schultea*, 47 F.3d at 1432. "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1434. Therefore, when the defense of qualified immunity is asserted, and details of the alleged conduct are sparse, a plaintiff should be afforded an opportunity to explain why such defense should not apply. *See Schultea*, 47 F.3d 1427, 1433–34; *see also Foster v. Tarrant Cty. Sheriff's Dep't*, No. 4:20-CV-113-A, 2020 WL 3578006, at *2 (N.D. Tex. July 1, 2020).

Plaintiffs also argue that Defendants have failed to meet their burden of a heightened pleading standard to establish their affirmative defense of qualified immunity. (*See* docs. 63, 107-116.) Defendants are not required to plead their defense of qualified immunity with particularity, however. *See Schultea*, 47 F.3d at 1433 ("A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply."). Once a defendant "pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion," the burden shifts to the plaintiff. *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010); *see also Garcia v. City of Lubbock, Texas*, No. 5:20-CV-053-H, 2020 WL 7979173, at *4 (N.D. Tex. May 4, 2020), *order clarified*, No. 5:20-CV-053-H, 2020 WL 7979175 (N.D. Tex. June 19, 2020). Defendants have asserted immunity and made the requisite showing here. (docs. 30, 64–73.) Because their defense of qualified immunity is not subject to a heightened pleading standard, they have not failed to properly assert their defense of qualified immunity.[4]

---

[4] Plaintiffs also argue that Local Rule 7.1(a)'s conference requirement has not been met. (docs. 63, 107–116, 148.) They have acknowledged that there were telephone conversations, and that Defendants have attempted to confer on

In conclusion, because the issue of qualified immunity cannot be resolved by reviewing Plaintiffs' first amended complaint alone, a Rule 7(a) reply to each of Defendants' answers asserting qualified immunity is warranted. *See Garcia*, 2020 WL 7979173, at *5. Accordingly, Defendants' motions to compel a Rule 7(a) reply are granted.

### III.   MOTION FOR STAY OF DISCOVERY

Defendants also move for a stay of discovery and a protective order from all discovery pending a ruling on their Rule 7(a) motions. (*See* docs. 30, 64–73, 87, 143.)

"Public officials acting within the scope of their official duties are shielded from civil liability by the qualified immunity doctrine." *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999). "Subjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from governmental disruption which official immunity is purposed to afford." *Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985). Thus, "allowing any but perhaps the most preliminary proceedings on the immunity-barred claim runs squarely counter to the doctrine's basic protective purpose: that officials be free to exercise their duties and functions without fear of having their attentions distracted by the subsequent claims of unhappy or unsuccessful litigants." *Id.*

"[Q]ualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Circ. 1987); *see also Wicks v. Miss. State Emp. Servs.*, 41 F.3d 991, 994 (5th Cir. 1995). Limited discovery, for instance, may be allowed on the issue of qualified immunity. *Wicks*, 41

---

their motions, however. (docs. 63, 107–116, 148.) Defendants have also provided certificates of conference. (docs. 30, 64–73, 87, 143.) "The reasonableness of efforts to confer necessarily depend upon the circumstances of the particular case." *Brown v. Bridges*, No. 12-CV-4947-P, 2015 WL 11121361, at *4 (N.D. Tex. Jan. 30, 2015), *on reconsideration in part*, No. 12-CV-4947-P, 2015 WL 12532137 (N.D. Tex. June 22, 2015). Under the circumstances of this case, "it is clear that the motion is opposed and that [an additional] conference would neither have eliminated nor narrowed the parties' dispute." *Id.* at 5 (internal citations and quotations omitted).

F.3d at 994. A court must make two inquiries in determining whether to allow limited discovery on the issue of qualified immunity. First, it must determine whether "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Id.* at 995. If the plaintiff's pleadings fail to meet this heightened pleading standard, the court should dismiss the case "before any discovery is allowed." *Id.* If, however, the plaintiff's pleadings do meet this standard, the court must then determine "whether the immunity defense sufficiently turn[s] on a factual issue requiring discovery." *Id.* at 997. If the defendant's immunity defense does in fact turn on a factual issue requiring discovery, the court "may then proceed . . . to allow the discovery necessary to clarify those facts upon which the immunity defense turns." *Id.* at 995.

Here, Defendants assert the defense of qualified immunity and challenge the adequacy of Plaintiffs' pleadings through their motions. As noted, the issue of qualified immunity cannot be resolved by reviewing Plaintiffs' first amended complaint alone. The Fifth Circuit has held that when a Rule 7(a) reply is required to resolve the issue of qualified immunity doctrine, a "district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. *See Schultea*, 47 F.3d at 1434. "The district court need not allow any discovery unless it finds that [Plaintiffs' have] supported [their] claim[s] with sufficient precision and factual specificity to raise a genuine issue as to the illegality of [Defendants'] conduct at the time of the alleged acts." *Id*. Discovery limited to the qualified immunity should therefore only take place if the court finds both that Plaintiffs' pleadings have met the heightened standard and that Defendants' qualified immunity defense turns on a factual issue requiring discovery. The decision whether to allow discovery must therefore await assessment of whether Plaintiffs' complaint is sufficient to overcome the assertion of qualified immunity or is otherwise adequate to warrant their obtaining limited discovery. *See Rhodes v. Prince*, 2006 WL 954023, at

*1 (N.D. Tex. Apr. 11, 2006) (Fitzwater J.) (citing *Wicks*, 41 F.3d at 994) (finding even limited discovery "must not proceed until the district court *first* finds that plaintiff's pleadings assert facts which, if true would overcome the defense of qualified immunity") (emphasis in original).

Moreover, Plaintiffs seek information and documents and/or records related to the weapons and equipment used by Defendants, repairs made to their home, and Homeland Security. (*See* 143-1 at 14-24.) They have not provided any reasons as to why discovery is necessary to resolve the issue of Defendants' entitlement to immunity. *Helton v. Clements,* 787 F.2d 1016, 1017 (5th Cir.1986) ("One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive."). A stay of discovery is therefore appropriate pending Plaintiffs' filing of Rule 7(a) reply and the assessment of whether Plaintiffs have supported their claim "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of [Defendants'] conduct at the time of the alleged facts." *Schultea*, 47 F.3d at 1434. Accordingly, Defendants' motions for a stay of discovery are granted, and their motions for protective orders are denied as moot.

### IV.     CONCLUSION

Defendants' motions to compel Rule 7(a) reply and to stay discovery are **GRANTED**, and their motions for protective order are **DENIED as moot**. Within 21 days, Plaintiffs must file a Rule 7(a) reply that is tailored to each defendant's asserted defense of qualified immunity. Plaintiffs must support their claim with "sufficient precision and factual specificity to raise a genuine issue as to the illegality of [Defendants'] conduct at the time of the alleged acts." *Schultea*, 47 F.3d at 1434. Plaintiffs must state specifically how each Defendant took actions that deprived them of a constitutionally or statutorily protected right, and how each defendant's conduct caused them injury.

**SO ORDERED** on this 23rd day of April, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

12